**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| BROWNFIELD UNITED FAMILY FELLOWSHIP, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | CIVIL ACTION NO. 5:26-cv-00161 **JURY DEMAND** |
| MOUNT VERNON FIRE INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mount Vernon Fire Insurance Company ("Mount Vernon") timely files this Notice of Removal to the United States District Court for the Northern District of Texas, Lubbock Division, based on diversity jurisdiction, and Mount Vernon would respectfully shows the following:

**I.
BACKGROUND FACTS**

1.     This is a first-party insurance coverage case arising from alleged "hail event" affecting the property.[1]

2.     On June 26, 2026, Plaintiff Brownfield United Family Fellowship filed suit against Mount Vernon in Terry County, Texas bearing cause number 22655.[2]

3.     The citation was issued on June 26, 2026. [3]

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition, p. 2.
[2] *See* Exhibit B-1, Plaintiff's Original Petition, p. 1.
[3] *See* Exhibit B-2, Civil Citation issued on Mount Vernon.

4.      On June 26, 2026, Plaintiff served Defendant with the lawsuit styled *Brownfield United Family Fellowship v. Mount Vernon Fire Insurance Company* through Defendant's registered agent, in which Plaintiff seeks to recover from Mount Vernon damages arising from the alleged hail event pursuant to a commercial insurance policy issued by Mount Vernon.[4] Therein, Plaintiff asserts causes of action against Mount Vernon for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.[5]

5.      Mount Vernon filed a state court answer in Terry County on July 20, 2026.[6]

6.      Mount Vernon files this Notice of Removal within 30 days of receiving Plaintiff's initial pleading.[7] In addition, this Notice of Removal is being filed within one year of the commencement of this action.[8]

7.      As required by 28 U.S.C. § 1446(a) and Local Rule CV-81 of the United States District Court for the Northern District of Texas, simultaneously with the filing of this Notice of Removal, the following will be attached:

| | |
|---|---|
| Exhibit A: | Index of Matters Being Filed |
| Exhibit B: | State Court Docket Sheet |
| Exhibit B-1: | Plaintiff's Original Petition |
| Exhibit B-2: | Civil Citation served on Mount Vernon |
| Exhibit B-3: | Defendant's Original Answer and Jury Demand |
| Exhibit B-4: | Court Letter Setting 10.18.27 Trial |

---

[4] *See* Exhibit B-2, Civil Citation served on Mount Vernon.
[5] *See* Exhibit B-1, Plaintiff's Original Petition, p. 3-13.
[6] *See* Exhibit B-3, Defendant's Original Answer and Jury Demand
[7] *See* 28 U.S.C. § 1446(b), Ex. B-2
[8] *See* 28 U.S.C. § 1446(b), Ex. B-1

Exhibit C:               List of Parties and Counsel

Exhibit D:               Plaintiff's Notice Letter

Exhibit E:               Plaintiff's Policy Declarations

Exhibit F:               Certificate of Interested Parties

Exhibit G:               Civil Cover Sheet

Exhibit H:               Supplemental Civil Cover Sheet

Exhibit I:               Notice to State Court of Removal

8.      A copy of this Notice of Removal is also being filed with Terry County and served upon Plaintiff.[9]

**II.**
**BASIS FOR REMOVAL**

9.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.  This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

10.      In a removal, "the burden of persuasion for establishing diversity jurisdiction is on the party asserting it."[10]  This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

---

[9] *See* Exhibit I, Notice to State Court of Removal
[10] *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

### A. Plaintiff and Defendant Are of Diverse Citizenship

    i. <u>Plaintiff's Citizenship</u>

11.    Upon information and belief and based on the allegations set forth in Plaintiff's Original Petition, Plaintiff is a religious organization who is a resident of Terry County, Texas.[11] As such, Plaintiff is a citizen of the State of Texas for the purposes of a diversity jurisdiction analysis.

    ii. <u>Mount Vernon's Citizenship</u>

12.    Defendant was incorporated in Nebraska, is a Nebraska corporation, and its principal place of business is located at 1190 Devon Park Drive, Wayne, Pennsylvania 19087. Mount Vernon Fire Insurance Company is therefore a citizen of Nebraska and Pennsylvania for purposes of diversity jurisdiction.

13.    Therefore, because Plaintiff is a citizen of the State of Texas and Mount Vernon is a citizen of the States of Nebraska and Pennsylvania, complete diversity of citizenship exists between the parties.

### B. The Amount in Controversy Exceeds $75,000.00

14.    This is a civil action in which the amount in controversy exceeds the jurisdictional threshold of $75,000.00. In determining the amount in controversy, the Court may consider "penalties, statutory damages, and punitive damages."[12] According to Plaintiff's Petition, it seeks monetary relief of "over $1,000,000.00".[13]

---

[11] *See* <u>Exhibit B-1,</u> Plaintiff's Original Petition, p. 2.

[12] *See St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ray v State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish).

[13] *See* <u>Exhibit B-1,</u> Plaintiff's Original Petition, p. 2, ¶ 3.3.

15.    In addition, on March 11, 2026, Plaintiff's Counsel sent a notice letter to Mount Vernon in which Counsel states that "the Insured is owed for the damage to their Property in the amount of $522,310.68, plus penalty interest of $19,742.52, and attorney's fees in the amount of $8,250.00".[14]

16.    For the foregoing reasons, the amount in controversy is above the jurisdictional threshold of $75,000.00 and because Plaintiff and Defendant are diverse, diversity jurisdiction is proper.

### III.
### REMOVAL IS PROCEDURALLY CORRECT

17.    Mount Vernon files this Notice of Removal within 30 days of receiving service of Plaintiff's pleading.[15] In addition, this Notice of Removal is being filed within one year of the commencement of this action.[16]

18.    Venue is proper in the Court under 28 U.S.C. § 1441(a) because this district and division embrace Terry County, Texas, the place where the removed action has been pending.

19.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, processes, orders, and other filings in the state court are contemporaneously filed with this Court.

20.    Pursuant to 28 U.S.C. § 1446(d), written notice was given to Plaintiff, the adverse party, promptly after Mount Vernon filed this Notice of Removal.

21.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of Mount Vernon's Notice of Removal will be filed with the clerk of Terry County, Texas.

---

[14] *See* Exhibit D, Plaintiff's Notice Letter, p. 3.
[15] *See* 28 U.S.C. § 1446(b), Ex. B-2
[16] *See* 28 U.S.C. § 1446(b), Ex. B-1

**IV.**
**PRAYER**

WHEREFORE, Defendant Mount Vernon Fire Insurance Company hereby removes the

above-captioned matter, now pending in the 121st Judicial District Court in Terry County, Texas

to the United States District Court for the Northern District of Texas, Lubbock Division.

Respectfully submitted,

*/s/ Daniel P. Buechler*

Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
Alexander R. Myers
State Bar No. 24128476
amyers@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Facsimile:      (214) 871-8209

**COUNSEL FOR DEFENDANT**
**MOUNT VERNON FIRE INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. I further certify that I have served the foregoing document, to the extent applicable to all case participants not registered for electronic notice, by another manner authorized by Federal Rules of Civil Procedure 5(b)(2). Specifically, it was served via email to Plaintiff's Counsel on July 24, 2026:

Calsie M. Boyd
cboyd@hstalaw.com
Insurance Claim Lawyers, Inc.
d/b/a Hair Shunnarah Trial Attorneys, L.L.C.
d/b/a Insurance Claim HQ
3001 17th Street
Metairie, LA 70002
Tel: (504) 684-5200
*Attorney for Plaintiff*

/s/ *Daniel P. Buechler*
Daniel P. Buechler