https://research.txcourts.gov/CourtRecordsSearch/ui/casePrintView/ca883356422c4449a5114800421bfac0

## Case Information

BROWNFIELD UNITED FAMILY FELLOWSHIP VS. MOUNT VERNON FIRE INSURANCE COMPANY
22655

Location
Terry County - District Clerk

Case Category
Civil – Contract

Case Type
Debt/Contract - Consumer/DTPA

Case Filed Date
6/25/2026

Judge
JUDGE JOHN A DIDWAY

Case Status
Open (Pending)

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | BROWNFIELD UNITED FAMILY FELLOWSHIP | | CALSIE M. BOYD |
| Defendant | MOUNT VERNON FIRE INSURANCE COMPANY | | BUECHLER,DANIEL P |

## Events 4

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 7/23/2026 | Filing | LETTER FROM JUDGE SETTING HEARING | LETTER FROM JUDGE SETTING HEARING | 2266092545.pdf |
| 7/21/2026 | Filing | DEFENDANT'S ANSWER | DEFENDANT'S ANSWER | 0000084523.pdf |
| 6/26/2026 | Filing | CITATION ISSUED | CITATION ISSUED | 2238095610.pdf |
| 6/25/2026 | Filing | ORIGINAL PETITION-CIVIL | ORIGINAL PETITION-CIVIL | 0000080234.pdf |

Terms of use  |  Frequently asked questions  |  Support Center  |

© 2026 Tyler Technologies, Inc. | All Rights Reserved | Version: 2026.5.4.2291

**EXHIBIT B**

CAUSE NO. <u>22655</u>

| | | |
|---|---|---|
| BROWNFIELD UNITED FAMILY FELLOWSHIP,<br>   *Plaintiff,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | <u>121st</u> JUDICIAL DISTRICT |
| MOUNT VERNON FIRE INSURANCE COMPANY,<br>   *Defendant.* | §<br>§<br>§<br>§ | TERRY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Brownfield United Family Fellowship, Plaintiff herein, and files this, its Original Petition against Mount Vernon Fire Insurance Company, Defendant herein, and, in support thereof, would respectfully show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1.    Discovery in this case is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

2.1.    Plaintiff Brownfield United Family Fellowship (hereinafter, "Plaintiff") is a religious organization doing business in the State of Texas.

2.2.    Mount Vernon Fire Insurance Company (hereinafter, "Defendant") is a foreign insurance company authorized to conduct business in the State of Texas and, pursuant to the terms of the Policy at issue, may be served by and through its general counsel, located at 1190 Devon Park Drive, Wayne, PA, 19087, or wherever it may be found.

Filed:6/26/2026 9:09:20 am
Tiffany S. O'Briant District Clerk
Terry County, Texas
Tiffany O'Briant

---

**EXHIBIT B-1**

## III.  JURISDICTION AND VENUE

3.1.    Jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

3.2.    Venue is proper in Terry County, Texas under the mandatory venue provisions in Section 15.011 of the Texas Civil Practice and Remedies Code as this is a suit for recovery of damages to real property, and under the general venue rules set forth in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.

## IV.  FACTS

4.1.    Defendant sold insurance policy number NPP2589127A (hereinafter, the "Policy") to named insured Brownfield United Family Fellowship to insure the property located at 1004 E Broadway Street, Brownfield, Texas 79316 (hereinafter, the "Property"). The Policy was effective at all times pertinent herein.

4.2.    On or about May 29, 2025, a severe hail event caused widespread damage to homes throughout Brownfield, Texas (hereinafter, the "Storm"). The Storm caused direct physical damage to the Plaintiff's Property.

4.3.    Upon discovering the damage, Plaintiff promptly filed a claim with Defendant in compliance with the Policy. Defendant assigned claim number 0-55642 to the loss (hereinafter, the "Claim").

4.4.    Shortly thereafter, Defendant dispatched an unqualified field adjuster to conduct an initial inspection of the Property. The field adjuster was either inadequately trained or intentionally

## EXHIBIT B-1

ignored the damage to the Property and, as a result, the inspection was brief, cursory, and failed to document the full scope of damage. As a result of the field adjuster's unreasonable and inadequate inspection, the subsequent estimate grossly underreported the extent of damage.

4.5.    In an effort to perform its due diligence, Plaintiff retained Precision Construction and Roofing (hereinafter, "Precision") to conduct an inspection of the damage to the Property and complete an estimate of necessary repairs.

4.6.    Following its inspection, Precision prepared an estimate of necessary repairs, noting extensive Storm-related damage throughout the Property.

4.7.    Plaintiff subsequently sent pre-suit notice and demand to Defendant pursuant to Chapters 541 and 542 of the Texas Insurance Code on or about March 11, 2026 (hereinafter, "Demand"). Plaintiff's Demand provided Defendant with documentation reflecting covered damage to the Property, including photographs and the estimate prepared by Precision evidencing the cost necessary to restore the Property to its pre-loss condition.

4.8.    Defendant ultimately responded to Plaintiff's Demand on May 12, 2026, acknowledging the presence of damage to the Property, but wholly declining to change its coverage decision.

4.9.    As a result of Defendant's refusal to change its position regarding Plaintiff's Claim despite being notified of the impossibility of the minimal suggested scope of repair, continued delay and disinterest in resolving the Claim, and its refusal to tender benefits and proceeds due and owing under its Policy, Plaintiff has sustained damages as described herein.

### V.    COUNT ONE: BREACH OF CONTRACT

5.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

**EXHIBIT B-1**

5.2.    This is an action against Defendant for breach of a first party insurance contract, the Policy. Plaintiff is the named insured under the Policy and the Policy was in full force and effect as to the Plaintiff and the Property at all times material to the facts as set forth herein.

5.3.    An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed. An insurance policy, however, is a unique type of contract because an insurer generally has exclusive control over the evaluation, processing, and denial of Claim, and it can easily use that control to take advantage of its insured. Because of this inherent "unequal bargaining power," the Texas Supreme Court concluded that the "special relationship" between an insurer and insured justifies the imposition of a common-law duty on insurers to "deal fairly and in good faith with their insureds."[1]

5.4.    Further, a breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate yet independent, however, they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy. From and after the time Plaintiff's Claim was presented to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, to this day, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment.

5.5.    Plaintiff has performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the

---

[1] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018).

**EXHIBIT B-1**

Claim, mitigation of the damages to the Property, and temporary repairs to prevent further damage. Defendant has waived any and all other conditions.

5.6.    Defendant is required to compensate Plaintiff for all direct physical losses from a loss event under the terms of the Policy.

5.7.    Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the Policy.

5.8.    Defendant's denial of coverage and refusal to pay the full amount of the Claim is contrary to the terms of the Policy and Texas law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiff's Property to its pre-loss condition and includes, without limitation, the following:

a)    Failing to indemnify its insured, and by relying upon a policy exclusion to deny payment which is, and should be inapplicable given the circumstances of the Claim;

b)    Failing to pay all benefits available and improperly interpreting the Policy so as to avoid obligations imposed by the Policy and Texas law;

c)    Denying payment on Plaintiff's Claim without meeting its affirmative burden of proving by a preponderance of evidence that Plaintiff's loss was proximately caused by non-covered peril or a peril excluded by the policy;

d)    Failing to meet its affirmative burden of establishing which part of Plaintiff's loss was caused by an excluded peril;[2]

e)    Improperly shifting the burden to Plaintiff of proving that the loss was not excluded by the Policy;[3]

f)    Failing to conclusively and objectively determine the proximate and efficient cause of loss;

g)    Failing to retain the appropriate experts and/or consultants to evaluate the damages to the subject Property and/or disregarding evidence from experts and/or consultants retained by Plaintiff;

h)    Negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiff's insured losses;

---

[2] *See* TEX. INS. CODE ANN. §554.002.

[3] *See* TEX. INS. CODE ANN. §554.002.

**EXHIBIT B-1**

i)     Basing its failure to tender payment based on an inadequate investigation, inspection, and adjustment of Plaintiff's loss;

j)     Failing to construe the Policy in favor of coverage for Plaintiff's insured loss; and,

k)     Choosing to delay and withhold payment of Plaintiff's covered losses, thereby proximately causing Plaintiff to incur consequential damages, including additional repair costs, expert fees, attorney fees, and litigation expenses.

5.9.    As a direct and proximate result of Defendant's breach of said contract of insurance as specified herein, including Defendant's refusal to pay Plaintiff's Claim and Defendant's failure to compensate Plaintiff for the damage sustained to the Property, which is owed under the terms of the Policy, Plaintiff has suffered damages described herein.

## VI.   COUNT TWO: VIOLATIONS OF THE TEXAS INSURANCE CODE

### A.   Violations of the Unfair Claim Settlement Practices Act

6.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

6.2.    Defendant's acts, omissions, failures, and conduct that are described herein violate provisions of Chapter 542 of Texas Insurance Code, known as the Unfair Claim Settlement Practices Act.[4] In this respect, Defendant's violations include, without limitation:

a)     Misrepresenting a material fact or policy provision relating to the coverage at issue;[5]

b)     Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;[6]

c)     Failing to adopt and implement reasonable standards for the prompt investigation of a claim arising under the insurer's policy;[7]

---

[4] TEX. INS. CODE §542 et. seq.

[5] *See* TEX. INS. CODE ANN. §542.003(b)(1).

[6] *See* TEX. INS. CODE ANN. §542.003(b)(2).

[7] *See* TEX. INS. CODE ANN. §542.003(b)(3).

**EXHIBIT B-1**

     d)     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[8] and,

     e)     Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.[9]

6.3.     Accordingly, Plaintiff seeks damages in addition to the amount of the Claim, including interest accrued from the date the claim was required to be paid to judgment, together with reasonable and necessary attorneys' fees.[10]

**B.     Violations of the Prompt Payment of Claims Act**

6.4.     Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

6.5.     Defendant is "liable for a claim under an insurance policy" pursuant to the Texas Insurance Code[11] as a result of one or more of the following:

     a)     by completing its investigation, evaluating the claim, and coming to a determination to accept and pay the claim or some part of it;

     b)     by being adjudicated liable by a court or arbitration panel;

     c)     by submitting to appraisal, even if Defendant first rejected the claim;[12]

     d)     by making payment of an appraisal award outside the statutory deadline even if Defendant made a timely partial payment of the claim; and,[13]

     e)     by rejecting or accepting a claim, thereby acknowledging that claimant submitted all necessary information for Defendant to determine whether Plaintiff was entitled to benefits under the policy.[14]

---

[8] *See* TEX. INS. CODE ANN. §542.003(b)(4).

[9] *See* TEX. INS. CODE ANN. §542.003(b)(5).

[10] *See* TEX. INS. CODE §542.060(c).

[11] *See* TEX. INS. CODE ANN. §542.060(a).

[12] *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819 (Tex. 2019).

[13] *See Louis Hinojos v. State Farm Lloyds and Raul Pulido*, 619 S.W.3d 651, 658 (Tex. 2021).

[14] *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 816 (Tex. 2019).

---

**EXHIBIT B-1**

6.6.    Defendant has violated its statutory duty to adjust claims promptly and make reasonable efforts to settle claims[15] under in the following, non-exclusive respects:

a)    Failing to acknowledge receipt of the Claim within thirty (30) days after receiving notice of the claim where the loss was the result of a weather-related catastrophe or natural disaster; [16]

b)    Failing to commence any investigation of the claim within thirty (30) days after receiving notice of the claim where the loss was the result of a weather-related catastrophe or natural disaster; [17]

c)    Failing to request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant within thirty (30) days after receiving notice of the claim where the loss was the result of a weather-related catastrophe or natural disaster;[18]

d)    Failing to notify a claimant in writing of the acceptance or rejection of a claim within thirty (30) days of receiving all items, statements, and forms that the insurer requires to secure final proof of loss where the loss was the result of a weather-related catastrophe or natural disaster;[19]

e)    Failing to notify the claimant of the reasons for the denial or rejection of the claim;[20]

f)    Failing to notify the claimant of the reasons the insurer requires additional time to accept or reject the claim;[21]

g)    Failing to notify a claimant in writing of the acceptance or rejection of the claim within sixty (60) days of notifying the claimant that additional time would be required to make a coverage determination, where the loss was the result of a weather-related catastrophe or natural disaster;[22]

h)    Failing to make payment of a claim within twenty (20) business days of providing notice to the claimant that the insurer will pay all or part of a claim, where the loss was the result of a weather-related catastrophe or natural disaster; [23]

---

[15] *See* TEX. INS. CODE ANN. §542B et. seq.

[16] *See* TEX. INS. CODE §542.055(a)(1).

[17] *See* TEX. INS. CODE §542.055(a)(2).

[18] *See* TEX. INS. CODE §542.055(a)(3).

[19] *See* TEX. INS. CODE §542.056(a).

[20] *See* TEX. INS. CODE §542.056(c).

[21] *See* TEX. INS. CODE §542.056(d).

[22] *See* TEX. INS. CODE §542.056(d).

[23] *See* TEX. INS. CODE §542.057(a).

**EXHIBIT B-1**

      i)      Failing to make payment of a claim within twenty (20) business days of claimant's performance when payment is conditioned performance of an act by the claimant, where the loss was the result of a weather-related catastrophe or natural disaster;[24] and,

      j)      By failing to pay an insured's claim within sixty (60) days of receiving all items and documents reasonably necessary to resolve the claim, where the loss was the result of a weather-related catastrophe or natural disaster.[25]

6.7.    Defendant's violation of the TPPCA subjects Defendant to the payment of interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorneys' fees to be taxed as costs.[26]

## VII. COUNT THREE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

7.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

7.2.    By its acts, omissions, failures, and conduct, Defendant has violated Chapter 541 of the Texas Insurance Code,[27] and breached its common law duty of good faith and fair dealing.[28] Defendant had no reasonable basis for denying or delaying payment of Plaintiff's Claim, and Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of Plaintiff's Claim.

7.3.    These common law and Texas Insurance Code violations include, without limitation, the conduct described herein, including:

      a)      Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, to misrepresent the Policy by:

---

[24] *See* TEX. INS. CODE §542.057(b).

[25] *See* TEX. INS. CODE §542.058(a).

[26] *See* TEX. INS. CODE ANN. §542.060(a)-(b).

[27] TEX. INS. CODE §541 et. seq.

[28] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).

---

**EXHIBIT B-1**

    i.      Making an untrue statement of material fact;[29]

    ii.     Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;[30]

    iii.    Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[31] and,

    iv.    Making a material misstatement of law.[32]

b)    Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, with respect to the Claim, by:

    i.      Misrepresenting a material fact or policy provision relating to the coverage at issue;[33]

    ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[34]

    iii.    Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for denial of the Claim and/or offer of a compromise settlement of the Claim;[35] and,

    iv.    Refusing to pay the amounts duly owed regarding the Claim without conducting a reasonable investigation with respect to the Claim.[36]

7.4.    Defendant knowingly breached its duty of good faith and fair dealing and engaged in unfair settlement practices with respect to Plaintiff's Claim, when Defendant's liability had

---

[29] *See* TEX. INS. CODE ANN. §541.061(1)

[30] *See* TEX. INS. CODE ANN. §541.061(2).

[31] *See* TEX. INS. CODE ANN. §541.061(3).

[32] *See* TEX. INS. CODE ANN. §541.061(4).

[33] *See* TEX. INS. CODE ANN. §541.060(a)(1).

[34] *See* TEX. INS. CODE ANN. §541.060(a)(2)(A).

[35] *See* TEX. INS. CODE ANN. §541.060(a)(3).

[36] *See* TEX. INS. CODE ANN. §541.060(a)(7).

---

**PLAINTIFF'S ORIGINAL PETITION**          **PAGE 10 OF 18**

**EXHIBIT B-1**

become reasonably clear.[37] Accordingly, Plaintiff seeks herein actual damages, court costs, and reasonable and necessary attorneys' fees.[38]

7.5.    Because the acts, omissions, failures, and conduct of Defendant were committed knowingly, with actual awareness of the falsity, unfairness, or deceptiveness,[39] Plaintiff seeks treble damages pursuant to Section 541.152(b) of the Texas Insurance Code.[40]

### VIII.    COUNT FOUR: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

8.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

8.2.    Plaintiff is a consumer under the Texas Deceptive Trade Practices Act (hereinafter, the "DTPA") because Plaintiff is an individual (as defined by the Act) who acquired goods/services from Defendant by purchase.[41]

8.3.    By its acts, omissions, failures, and conduct that are described in this Petition, Defendant violated Section 17.46 et. seq. of the Texas Business & Commerce Code, commonly referred to as the DTPA. Particularly, Defendant violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiff justifiably relied on to their detriment. In this respect, Defendant's violations include, without limitation:

a)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;[42]

---

[37] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997).

[38] TEX. INS. CODE §541.152(a)(1).

[39] TEX. INS. CODE §541.002(1).

[40] TEX. INS. CODE §541.152(b).

[41] TEX. BUS. & COM. CODE §17.45(4).

[42] *See* TEX. BUS. & COM. CODE §17.45(b)(5).

## EXHIBIT B-1

b)     Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;[43]

c)     Advertising goods or services with intent not to sell them as advertised,[44] and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;[45]

d)     Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;[46] and,

e)     Engaging in an unconscionable action or course of action, to Plaintiff's detriment, that took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[47]

8.4.    As described herein, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which affords Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.[48]

8.5.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages as set forth herein. Accordingly, Plaintiff seeks actual damages, court costs, and reasonable and necessary attorneys' fees.[49]

8.6.    Additionally, because Defendant acted knowingly and intentionally, Plaintiff is entitled to recover treble damages under DTPA Section 17.50(b)(1).[50] Defendant acted knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of

---

[43] *See* TEX. BUS. & COM. CODE §17.45(b)(7).

[44] *See* TEX. BUS. & COM. CODE §17.45(b)(10).

[45] *See* TEX. BUS. & COM. CODE §17.45(b)(12).

[46] *See* TEX. BUS. & COM. CODE §17.45(b)(24).

[47] *See* TEX. BUS. & COM. CODE §17.45(5); §17.50(a)(3).

[48] TEX. BUS. & COM. CODE §17.46(b)(5).

[49] TEX. BUS. & COM. CODE §17.50(d).

[50] TEX. BUS. & COM. CODE §17.50(b)(1).

**EXHIBIT B-1**

the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim.[51] Further, Defendant acted intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.[52]

## IX. AGENCY

9.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

9.2.    All acts by Defendant were undertaken and completed by their officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment.

9.3.    As reference and described above, and considering further conduct throughout this litigation and lawsuit, The inside adjusters who handled Plaintiff's Claim are agents of Defendant based on their acts during the handling of the Claim, including inspection, adjustments and aiding in adjusting a loss for or on behalf of Defendant.

9.4.    Defendant and its assigned adjusters' conduct constitute(s) multiple violations of the Texas Insurance Code, Unfair Settlement Practices.[53]

9.5.    All violations under this subsection are made actionable by TEX. INS. CODE §541.151.

---

[51] TEX. BUS. & COM. CODE §17.45(9).

[52] TEX. BUS. & COM. CODE §17.45(13).

[53] TEX. INS. CODE §541.060(a).

---

## EXHIBIT B-1

9.6.    Defendant is liable for the unfair and deceptive acts of its assigned adjusters because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as any "individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."[54]

9.7.    Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of their agents, including the completion of their duties under common law and statutory law.

## X.    WAIVER AND ESTOPPEL

10.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

10.2.    Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI.    CONDITIONS PRECEDENT

11.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

11.2.    All conditions precedent to Plaintiff's recovery have been performed, have occurred, have been waived, or are excused.

---

[54] TEX. INS. CODE §541.002(2) (emphasis added); see also *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

---

**EXHIBIT B-1**

## XII.  NOTICE OF INTENT TO USE DISCOVERY

12.1.  Plaintiff gives notice of its intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit. Such documents and items are self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

## XIII.  ECONOMIC AND ACTUAL DAMAGES

13.1.  Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

13.2.  The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the actual costs of the repair and remediation of Plaintiff's Property and any investigative and engineering fees incurred therein. Plaintiff is entitled to recover their out-of-pocket damages, costs of mitigation, additional living expenses, diminution of the value of the Property, lost time, loss of use, and expectancy damages. Plaintiff is further entitled to recover actual, consequential, and general damages from Defendant's breach of its duty of good faith and fair dealing and breach of contract.

13.3.  As this is an action for bad faith insurance practices, Plaintiff is also entitled to recover extracontractual damages for economic and personal injuries. Plaintiff is further entitled to recover the amount of their claim plus prejudgment interest, statutory interest, post-judgment interest, and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.[55]

---

[55] *See* TEX. BUS. & COM. CODE §17.50(b)(1); TEX. BUS. & COM. CODE §17.50(b)(4); TEX. BUS. & COM. CODE §17.50(h); TEX. INS. CODE §541.152(a)(1); TEX. INS. CODE §541.152(a)(3); TEX. INS. CODE §541.152(b); TEX. INS. CODE §542.060(a) and TEX. INS. CODE §542.060(c).

**PLAINTIFF'S ORIGINAL PETITION**                                    **PAGE 15 OF 18**

## EXHIBIT B-1

## XIV.  ADDITIONAL DAMAGES

14.1.  Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

14.2.  Defendant has "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages and/or treble damages as authorized by the Texas Insurance Code[56] and Texas Deceptive Trade Practices Act.[57]

## XV.  ATTORNEYS' FEES

15.1.  Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

15.2.  Plaintiff has retained Insurance Claim Lawyers, Inc. d/b/a Hair Shunnarah Trial Attorneys, LLC, to represent Plaintiff due to Defendant's actions. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practices and Remedies Code;[58] (b) Section 541.152 of the Texas

---

[56] TEX. INS. CODE §541.152.

[57] TEX. BUS. & COM. CODE §17.50(b)(1).

[58] TEX. CIV. PRAC. & REM. CODE §38.001.

**EXHIBIT B-1**

Insurance Code;[59] Sections 542.060(a) and 542.060(b) of the Texas Insurance Code;[60] (c) Section 17.50(d) of the Texas Deceptive Trade Practices Act;[61] and (d) common law.[62]

## XVI.   JURY DEMAND

16.1.   Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

16.2.   Pursuant to Rule 216(a) of the Texas Rules of Civil Procedure, Plaintiff hereby requests a trial by jury and tenders the appropriate jury fee.

## XVII.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Brownfield United Family Fellowship respectfully prays that Defendant Mount Vernon Fire Insurance Company be cited to appear and answer herein and upon a final hearing of the cause, judgment be entered for Plaintiff and against Defendant as follows:

a)   Economic, Actual, and Consequential damages suffered, as requested herein;

b)   Additional Damages as requested herein;

c)   Prejudgment and postjudgment interest at the maximum rate allowed by law as requested herein;

d)   Reasonable and necessary attorneys' fees, and costs of court as requested herein; and

e)   Such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

---

[59] TEX. INS. CODE §541.152(a)(1).

[60] TEX. INS. CODE §542.060(a); TEX. INS. CODE §542.060(b).

[61] TEX. BUS. & COM. CODE §17.50(d).

[62] *Nationwide Mut. Ins. v. Holmes*, 842 S.W.2d 335,341 (Tex. App.—San Antonio 1992, writ denied); *Baja Energy Inc. v. Ball*, 669 S.W.2d 836, 838-39 (Tex. App.—Eastland 1984, no writ); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex.1974) (recognizing that attorney fees can be awarded under equity).

**EXHIBIT B-1**

Respectfully submitted,

**INSURANCE CLAIM LAWYERS, INC.**

By: */s/ Calsie M. Boyd*

Calsie M. Boyd
State Bar No. 24103802
Email: cboyd@hstalaw.com
**INSURANCE CLAIM LAWYERS, INC.**
d/b/a **HAIR SHUNNARAH TRIAL ATTORNEYS, L.L.C.**
d/b/a **INSURANCE CLAIM HQ**
3001 17th Street
Metairie, LA 70002
Telephone: (504) 684-5200
Facsimile: (504) 613-6351

*Attorney for Plaintiff*

**EXHIBIT B-1**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Redding on behalf of Calsie Boyd
Bar No. 24103802
sredding@hstalaw.com
Envelope ID: 116624791
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 6/26/2026 9:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephanie Redding | | sredding@hstalaw.com | 6/25/2026 5:33:01 PM | SENT |
| Calsie M.Boyd | | cboyd@hstalaw.com | 6/25/2026 5:33:01 PM | SENT |

**EXHIBIT B-1**

**BROWNFIELD UNITED FAMILY FELLOWSHIP**
**VS.**
**MOUNT VERNON FIRE INSURANCE COMPANY**



**DISTRICT CLERK**

**TERRY COUNTY, TEXAS**

**DOCKET NO. 22655**

## THE STATE OF TEXAS

**MOUNT VERNON FIRE INSURANCE COMPANY**
**C/O REGISTERED AGENT,1190 DEVON PARK DRIVE**
**WAYNE, PA 19087**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the plaintiff's petition with the clerk of the court at or before 10 o'clock A.M. of the first Monday following the expiration of 20 days after the date of service of this citation before the 121ST DISTRICT COURT in BROWNFIELD, Terry County, Texas, at the courthouse in BROWNFIELD, Texas. The Plaintiff in this suit is **BROWNFIELD UNITED FAMILY FELLOWSHIP**, having filed in this court on **06/26/2026**, a petition against **MOUNT VERNON FIRE INSURANCE COMPANY**, this suit is being numbered **22655**, the nature of which demand is shown on the petition a copy of which accompanies this citation.

The name and address of the attorney for Plaintiff, or the address of Plaintiff is:
**CALSIE BOYD, 3001 17TH STREET METAIRIE, LA 70002**

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.".

WITNESS, Tiffany O'Briant, District Clerk of the 121st District Court Terry County, Texas
Issued and given under my hand and seal this 26th day of June, 2026.

Tiffany O'Briant
Terry County District Clerk
500 W. Main, Room 209E
Brownfield, Texas 79316

By /s/ *Tiffany O'Briant* Clerk/Deputy

**Officer/Authorized Person Return**
Came to hand on the _____ day of_____, _____, at _____ o'clock____ M. and executed in _____County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with a copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the following time and places, to-wit:
Name:_____
Date & Time:_____
Location/Address_____
OR NOT executed to the named Defendant; The diligence used in finding said defendant, the cause of failing to execute this process and the information received as to the whereabouts of the said defendant, being:_____

Officer or Authorized Person:_____       Fee for serving: $_____
Signature of Officer or Authorized Person_____       _____ County, Texas.

**\*\*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT\*\***
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form: "My name is _____, my date of birth is _____,
                                        (First, Middle, Last)
and my address is _____
                                        (Street, City/State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____ day of _____.

_____        _____
Declarant/Authorized Process Server        I.D. # & Expiration of Certification

<span style="color:red">**EXHIBIT B-2**</span>

CAUSE NO. 22655

| | | |
|---|---|---|
| BROWNFIELD UNITED FAMILY FELLOWSHIP, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | TERRY COUNTY, TEXAS |
| MOUNT VERNON FIRE INSURANCE COMPANY, | § § § | |
| Defendant. | § § | 121ST JUDICIAL DISTRICT |

## DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY'S ORIGINAL ANSWER AND JURY DEMAND TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant MOUNT VERNON FIRE INSURANCE COMPANY ("Defendant") files its Original Answer and Jury Demand to Plaintiff's Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

2.1    Without waiving the foregoing, Defendant asserts the following affirmative defenses:

DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY'S ORIGINAL ANSWER
AND JURY DEMAND TO PLAINTIFF'S ORIGINAL PETITION                    Page 1
27681577v3
11203.457

Filed:7/21/2026 8:25:19 am
Tiffany S. O'Briant District Clerk
Terry County, Texas
Jeffrey Davis

**EXHIBIT B-3**

2.2     Plaintiff has failed to satisfy all conditions precedent to filing its claims under the terms of the insurance policy.

2.3     Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted. Plaintiff fails to describe how Defendant's alleged breach of the insurance contract would convert Plaintiff's contractual claim into any other causes of action, including, but not limited to, a violation of the Texas Insurance Code.

2.4     The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claim is mandatory to establish the basis of the Plaintiff's claims under the Texas Insurance Code. Because the Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, the absence of coverage for many portions of the Plaintiff's underlying insurance claim precludes the Plaintiff's Insurance Code and extra-contractual claims against Defendant and arising out of those allegations.

2.5     Plaintiff's claims are subject to the respective terms and conditions of the Policy, including, but not limited to, the applicable Policy limit and deductible.

2.6     Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered (if any) and non-covered perils. *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

2.7     Defendant pleads the warranties, terms, definitions, provisions, conditions, exclusions, and limitations of the insurance policy as if such were fully set forth herein.  Under Texas law, an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon a representation, inducement, or

DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY'S ORIGINAL ANSWER
AND JURY DEMAND TO PLAINTIFF'S ORIGINAL PETITION                                Page 2
27681577v3
11203.457

**EXHIBIT B-3**

reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

2.8     Plaintiff's claims are barred and/or premature to the extent they failed to comply with all terms and conditions of the insurance policy at issue. Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the Policy. Defendant hereby incorporates the terms of its Policy by reference, including but not limited to the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM CP 00 10 06 07**

### A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

### 1. Covered Property

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.,** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

a.   **Building,** meaning the building or structure described in the Declarations...

…

**CAUSES OF LOSS – SPECIAL FORM CP 10 30 06 07**

### B. Exclusions

\*\*\*

**2**. We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

**d. (1)** Wear and tear;

DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY'S ORIGINAL ANSWER
AND JURY DEMAND TO PLAINTIFF'S ORIGINAL PETITION                    Page 3
27681577v3
11203.457

**EXHIBIT B-3**

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\*\*\*

**(4)** Settling, cracking, shrinking or expansion;

\*\*\*

**f.** Continuous or repeated seepage or leak- age of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\*\*\*

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

**c.** Faulty, inadequate or defective:

\*\*\*

(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
(3) Materials used in repair, construction, renovation or remodeling; or
(4) Maintenance;

of part or all of any property on or off the described premises.

\*\*\*

## C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

**EXHIBIT B-3**

**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

***c.        The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters...

…

**CP 10 36 10 12**, the **Limitations On Coverage For Roof Surfacing**, which states the following:

**B.** The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B.:**

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

…

**CP 00 90 07 88**, the **COMMERCIAL PROPERTY CONDITIONS**,

**H. POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

**1.** We cover loss or damage commencing:

**a.** During the policy period shown in the Declarations;

…

DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY'S ORIGINAL ANSWER
AND JURY DEMAND TO PLAINTIFF'S ORIGINAL PETITION                Page 5
27681577v3
11203.457

**EXHIBIT B-3**

2.9      Without limitation, Plaintiff's claims may be barred and/or limited by the terms of the Policy. Defendant hereby incorporates the terms of its Policy by reference.

2.10     Defendant did not breach any duty allegedly owed to Plaintiff under the insurance contract and at all times acted reasonably and in good faith.

2.11     Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

2.12     Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages. Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

2.13     Defendant will show that Plaintiff's damages, if any, are unrelated to any act, error, or omission by Defendant, and that Defendant's actions were not the proximate or producing cause of any of Plaintiff's alleged damages.

2.14     Defendant asserts that Plaintiff is precluded from recovering for any new or additional damages not reported to Defendant with respect to the claim and/or the reported date of loss that made the subject of this lawsuit.

2.15     To the extent Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit, Defendant pleads that such damages are barred by the fortuity doctrine which bars known losses or losses in progress.  Under the fortuity doctrine, coverage is precluded where the Plaintiff is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased.  To the extent Plaintiff seek amounts from

**EXHIBIT B-3**

Defendant for damages from settlement, wear and tear, deterioration, pre-existing damages, or lack of maintenance which occurred prior to the inception of the policy, such damages are barred.

2.16    Defendant asserts that any damages complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions, and are not the result of any act or omission on the part of Defendant.

2.17    Defendant pleads the affirmative defense of the doctrine of unclean hands. To the extent Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit or for damages that Plaintiff knew or should have known to be caused by a non-covered or excluded peril, Defendant pleads that such damages are barred by the doctrine of unclean hands.

2.18    Plaintiff's alleged damages are the result of an intervening, superseding, or independent cause for which Defendant has no responsibility.

2.19    Defendant asserts that it has not violated Chapter 542 of the Texas Insurance Code and have at all times complied with the time frame required under that statute.

2.20    Defendant pleads that it is entitled to an offset or credit for any payments previously made under the Defendant's policy or by a third party, if any, for damages claimed in this lawsuit.

2.21    Plaintiff's claims are barred by the principle of unjust enrichment.

2.22    Defendant asserts that Plaintiff's pleadings fail to state facts sufficient to entitle Plaintiff to an award of punitive or exemplary damages, if any, against Defendant.  Defendant further specifically pleads that, in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Texas Civil

**EXHIBIT B-3**

Practices and Remedies Code §§ 41.001, et. seq. or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

2.23    Defendant asserts any and all applicable legal and equitable damage limitations and reserves the right to amend its answer to allege any additional defenses that might be appropriate in this case.

## III.
## JURY DEMAND

3.1    Defendant respectfully demands that this case be tried before a properly paneled jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant MOUNT VERNON FIRE INSURANCE COMPANY prays that this Court, upon final trial and hearing hereof, Plaintiff recover nothing from Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

*[Signature block on next page]*

**EXHIBIT B-3**

Respectfully submitted,


*/s/ Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
Alexander R. Myers
State Bar No. 24128476
amyers@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:       (214) 871-8200
Facsimile:       (214) 871-8209
**COUNSEL FOR DEFENDANT
MOUNT VERNON FIRE INSURANCE
COMPANY**


## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of July 2026, a true and correct copy of the foregoing was delivered to the following via e-service.

Calsie M. Boyd
cboyd@hstalaw.com
Insurance Claim Lawyers, Inc.
d/b/a Hair Shunnarah Trial Attorneys, L.L.C.
d/b/a Insurance Claim HQ
3001 17th Street
Metairie, LA 70002
Tel: (504) 684-5200
*Attorney for Plaintiff*

*/s/ Daniel P. Buechler*
Daniel P. Buechler

# EXHIBIT B-3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Petrasic on behalf of Daniel Buechler
Bar No. 24047756
lpetrasic@thompsoncoe.com
Envelope ID: 117585742
Filing Code Description: Answer/Response
Filing Description: Def Answer & Jury Demand
Status as of 7/21/2026 8:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephanie Redding | | sredding@hstalaw.com | 7/20/2026 5:19:24 PM | SENT |
| Calsie M.Boyd | | cboyd@hstalaw.com | 7/20/2026 5:19:24 PM | SENT |
| Daniel PBuechler | | dbuechler@thompsoncoe.com | 7/20/2026 5:19:24 PM | SENT |
| Alexander Myers | | Amyers@thompsoncoe.com | 7/20/2026 5:19:24 PM | SENT |
| Lisa Petrasic | | lpetrasic@thompsoncoe.com | 7/20/2026 5:19:24 PM | SENT |
| Stephanie Ross | | SRoss@thompsoncoe.com | 7/20/2026 5:19:24 PM | SENT |

## EXHIBIT B-3

# 121ˢᵗ DISTRICT COURT

**500 West Main, Room 302W**
**Brownfield, Texas 79316-4335**

**John A. Didway**
**Presiding Judge**

**Telephone (806) 637-7742**
**jaddidway@terrycounty.org**



**Terry \* Yoakum**

**Leanna Campos**
**Court Coordinator**
**(806) 637-7742**
**lcampos@terrycounty.org**

**Kayla McKennon**
**Court Reporter**
**(806) 637-6958**
**kmckennon@terrycounty.org**

July 21, 2026

Calsie M. Boyd – *via email*
Insurance Claim Lawyers, Inc.
3001 17Th Street
Metairie, La 70002

Daniel P. Buechler –*via email*
Thompson, Coe, Cousins & Irons, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, TX 75201

Re:  Cause No. 22655 in the 121ˢᵗ District Court of Terry County, Texas; *BROWNFIELD UNITED FAMILY FELLOWSHIP VS. MOUNT VERNON FIRE INSURANCE COMPANY*

Counsel:

JURY TRIAL in the above case has been scheduled for **October 18, 2027 at 9:00 a..m.** The trial will be held in the District Courtroom at the Terry County Courthouse in Brownfield, Texas.

Sincerely,

John A. Didway
JAD/lgc

cc: District Clerk

**EXHIBIT B-4**

Copy from re:SearchTX